1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                      CENTRAL DISTRICT OF CALIFORNIA

9

10

11  ANTHONY VASQUEZ, aka           ) Case No. CV 09-7273-VAP(RC)
    ANTHONY M. VASQUEZ,            )
12                                 )
             Petitioner,           )
13  vs.                            )
                                   ) OPINION AND ORDER ON A
14  PEOPLE OF THE STATE OF         ) PETITION FOR HABEAS CORPUS
    CALIFORNIA,[1]                 )
15                                 )
             Respondent.           )
16  _____ )

17

18      On October 6, 2009, petitioner Anthony Vasquez, aka Anthony M.

19  Vasquez, a person in state custody proceeding pro se, filed a petition

20  for writ of habeas corpus under 28 U.S.C. § 2254 challenging his

21  sentence in Los Angeles County Superior Court case no. NA056268.

22  _____

23      [1]  The petitioner has not named the proper respondent, as
    required by Rule 2(a) of the Rules Governing Section 2254 Cases
24  in the United States District Courts.  "This person typically is
    the warden of the facility in which the petitioner is
25  incarcerated." Stanley v. California Supreme Court, 21 F.3d 359,
26  360 (9th Cir. 1994); Brittingham v. United States, 982 F.2d 378,
    379 (9th Cir. 1992) (per curiam).  However, since this is a
27  second or successive petition, which petitioner does not have
    authorization to file, it would be futile for the Court to order
28  petitioner to amend the petition to name the proper respondent.

1 **BACKGROUND**

2      This Court, pursuant to Federal Rule of Evidence 201, takes

3 judicial notice of the records in a prior federal habeas corpus action

4 brought by petitioner:  (1) <u>Vasquez v. Hedgpeth</u>, case no. CV 07-3560-

5 VAP(RC) ("Vasquez I").  The records in Vasquez I show that on June 1,

6 2007, petitioner filed his first federal habeas corpus petition

7 challenging the same criminal judgment he challenges here, and on

8 December 2, 2008, Judgment was entered in Vasquez I denying the habeas

9 petition on the merits and dismissing the action.  On January 9, 2009,

10 petitioner filed a Notice of Appeal to the Ninth Circuit Court of

11 Appeals, which is currently determining whether to grant petitioner's

12 request for a certificate of appealability; however, on January 27,

13 2009, this Court denied petitioner's request for a certificate of

14 appealability.

15

16 **DISCUSSION**

17      The instant petition is governed by the provisions of the

18 Antiterrorism and Effective Death Penalty Act of 1996 ("the Act").

19 Section 106 of the Act amends 28 U.S.C. § 2244(b) to read, in

20 pertinent part, as follows:  "Before a second or successive

21 application permitted by this section is filed in the district court,

22 the applicant shall move in the appropriate court of appeals for an

23 order authorizing the district court to consider the application."

24 28 U.S.C. § 2244(b)(3)(A).

25

26      "Section 2244(b)(3)(A) 'is an allocation of subject-matter

27 jurisdiction to the court of appeals.  A district court must dismiss a

28 second or successive petition [. . .] unless the court of appeals has

2

1   given approval for the filing.'"  In re Page, 170 F.3d 659, 661 (7th

2   Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir.

3   1996)), cert. denied, 528 U.S. 1162 (2000); see also Cooper v.

4   Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("When the AEDPA is in

5   play, the district court may not, in the absence of proper

6   authorization from the court of appeals, consider a second or

7   successive habeas application."  (quoting Libby v. Magnusson, 177 F.3d

8   43, 46 (1st Cir. 1999)).

9

10       Here, the instant petition challenging petitioner's criminal

11  judgment is a second or successive petition, which raises claims

12  petitioner could have raised in Vasquez I.  Moreover, it plainly

13  appears on the face of the petition that petitioner has not moved in

14  the Ninth Circuit Court of Appeals for an order authorizing this Court

15  to consider the instant successive petition.  Under the Act, a

16  successive habeas petition is not a matter of right -- and the

17  gatekeeping function belongs to the Court of Appeals, not to the

18  district court.  Felker v. Turpin, 518 U.S. 651, 661, 116 S. Ct. 2333,

19  135 L. Ed. 2d 827 (1996).  This Court, thus, must dismiss the instant

20  habeas corpus petition as a second or successive petition for which it

21  lacks subject matter jurisdiction under 28 U.S.C. § 2244(b)(3).

22

23       Rule 4 of the Rules Governing Section 2254 Cases in the United

24  States Courts provides that "[i]f it plainly appears from the petition

25  and any attached exhibits that the petitioner is not entitled to

26  relief in the district court, the judge must dismiss the petition and

27  //

28  //

3

1 | direct the clerk to notify the petitioner."  28 foll. U.S.C. § 2254,

2 | Rule 4.

3

4 | **ORDER**

5 |     IT IS HEREBY ORDERED that Judgment be entered SUMMARILY

6 | DISMISSING the petition for writ of habeas corpus for lack of subject

7 | matter jurisdiction.

8

9 |     IT IS FURTHER ORDERED that the Clerk shall notify petitioner of

10 | the dismissal.

11

12 | DATE: October 23, 2009        _____
        VIRGINIA A. PHILLIPS

13 |         UNITED STATES DISTRICT JUDGE

14 | PRESENTED BY:

15

16 | DATE: October 7, 2009

17 | /S/ ROSALYN M. CHAPMAN_____
     ROSALYN M. CHAPMAN

18 | UNITED STATES MAGISTRATE JUDGE

19

20 | R&R-MDO\09-7273.mdo
10/7/09

21

22

23

24

25

26

27

28

4